UNITED STATES BANKRUPTCY COURT
EASTERN DIVISION, DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br><br>KIMMY R. JACKSON,<br><br>Debtor | Docket No.: 10-11716-msh<br><br>Chapter 13 |
| Kimmy R. Jackson<br>Plaintiff,<br>v.<br>Rushmore Loan Management Services<br>Defendant | ADVERSARY PROCEEDING<br><br>No. _____ |

## COMPLAINT

NOW COMES Kimmy R. Jackson, debtor/plaintiff in the above captioned matters, and complains of the defendant as follows:

## PARTIES AND JURISDICTION

1. Plaintiff Kimmy R. Jackson (hereinafter "Jackson") is a natural person residing at 700 N. Wellman Avenue, Unit 316; N. Chelmsford, MA ("the property"). She commenced the present bankruptcy case under chapter 7 on February 22, 2010 ("the petition date").
2. At all times relevant, Rushmore Loan Management Services was the alleged servicer of a mortgage loan encumbering title to her condominium unit, identified above.
3. Venue of the bankruptcy case is appropriate in this court pursuant to 28 USC §1408. Venue of the instant complaint is appropriate pursuant to 28 USC §1409.
4. This court has jurisdiction of the bankruptcy case and this complaint pursuant to 28 USC §1334.
5. Pursuant to 28 USC §157, the district court has referred all bankruptcy cases and related proceedings to the bankruptcy judges of this district.
6. This is a core proceeding within the meaning of that statute, and the court has jurisdiction to enter a final judgment. In the event that any claim is determined to be non-core, the plaintiff assents to entry of final judgment by the bankruptcy court.

## Factual Allegations

7. In a related Adversary Proceeding, docket number 13-01064, Jackson sued various entities, including Capital One National Association and ING Bank, FSB. An appeal regarding that matter is pending at the First Circuit Court of Appeals.
8. In the context of settlement discussions, Jackson submitted a mortgage loan modification application to Capital One on or about January 4, 2018. Capital One requested additional information a few weeks later, which was provided. Nothing further was received from Capital One thereafter.
9. On or about May 11, 2018, Jackson received correspondence from defendant Rushmore essentially soliciting a Loan Modification Application and notifying her that servicing had

|    |    |
|---|---|
|    | been transferred from Capital One to Rushmore.  Rushmore did not acknowledge that Jackson had applied to Capital One for a modification. |
| 10 | On June 4, 2018, Capital One filed a Notice of Transfer of Claim, document 238, indicating that the claim had been transferred to Rushmore.  No further transfer notices have been filed, nor has the June 4 Notice been rescinded on the court's docket. |
| 11 | On or about May 26, 2018, Jackson (through her counsel) sent Rushmore a Request for Information pursuant to the Real Estate Settlement Procedures Act and the regulations of the Bureau of Consumer Financial Protection, requesting information pertaining to the servicing of her loan and modification options. |
| 12 | On June 7, 2018, Rushmore acknowledged receipt of the Request for Information.  As of the date of this complaint, Rushmore has not otherwise responded to the Request for Information. |

Count 1- Violation of RESPA

| | |
|---|---|
| 13 | RESPA, particularly 12 USC §2605, imposes a duty on servicers to respond promptly, fully and accurately to inquiries that meet the statutory and regulatory requirements for such inquiries. |
| 14 | The inquiries sent by Jackson and/or her attorney met the requirements, and were sent to the address designated by Rushmore for such inquiries. |
| 15 | Rushmore did not respond to the request other than to acknowledge receipt of the request. |
| 16 | Jackson has suffered actual damages by reason of Rushmore's conduct and/or failure to respond, in the form, for example, of expenses for attorney fees relating to the inquiries, postage, time lost from work, damage to her credit rating, the possibility of fees and costs improperly or unreasonably charged to her account by Rushmore, and emotional distress in the form of unreasonable fear of foreclosure, for example. |

Count 2- Violation of Modification and Related Statutes and Regulations

| | |
|---|---|
| 17 | The foregoing paragraphs are incorporated at this point as if fully set forth. |
| 18 | The federal government has promulgated explicit and detailed regulations, based on RESPA, regarding "Loss Mitigation Procedures", codified at 12 CFR §1024.41.  These regulations define how mortgage loan servicers must handle requests from borrowers for modification of their mortgage loan.  The regulations explicitly grant a borrower standing to enforce them. |
| 19 | In addition, the Commonwealth of Massachusetts has enacted a statute, Mass. Gen. Laws ch. 244 §35B, that requires a creditor to take reasonable steps and make good faith efforts to avoid foreclosure. The term "creditor" is defined to include a mortgage loan servicer such as Rushmore. Section 35C of Chapter 244 define actions that violate the statute. |
| 20 | As the foregoing paragraphs make clear, Rushmore did not comply fully with the federal and/or state regulations and statutes. |
| 21 | The statutes and regulations impose a duty on the part of mortgage loan servicers. |
| 22 | By failing to comply with that duty, especially the duty to act reasonably and in good faith, Rushmore has caused Jackson to suffer damages as described above. |

### Count 3 - Breach of Contract

23  The foregoing paragraphs are incorporated at this point as if fully set forth.
24  Under Massachusetts law, every contract has an implied covenant of good faith and fair dealing.
25  The mortgage and promissory note constitute a contract.
26  The mortgage and promissory note have explicit provisions, in addition to the implied covenant, specifying the form and content of notices regarding the mortgage loan, as do the aforementioned statutes and regulations.
27  In addition, the mortgage and/or promissory note impose a duty on the mortgagee, and by extension, its agent, to respond to inquiries concerning the servicing of the loan. Rushmore is either the agent for the mortgagee, or the mortgagee itself.
28  Jackson believes, and therefore avers, subject to discovery, that Rushmore failed to comply with the explicit provisions of the mortgage and promissory note, and the statutes and regulations.
29  As detailed herein, Rushmore has not acted in good faith, nor has it dealt with Jackson fairly.
30  For the foregoing reasons, Jackson avers that Rushmore has breached the contract, causing her to suffer damages as described above.

WHEREFORE Jackson requests relief:
1) ordering the defendant to provide Jackson with an accounting;
2) ordering the defendant to comply with its obligations under the applicable statutes, regulations, and contractual provisions, especially as concerns loan modification;
3) monetary damages and attorney fees; and
4) such other relief as to the court seems meet and just.

October 29, 2018

                                          Respectfully submitted,
                                          Kimmy R. Jackson
                                          By her attorney,

                                          /s/          *David G. Baker*
                                          David G. Baker, Esq.
                                          236 Huntington Avenue, Ste. 317
                                          Boston, MA  02115
                                          617-340-3680
                                          BBO# 634889